[Civ. No. 9008. First Appellate District, Division Two.—May 25, 1933.]

LOS ANGELES ROCK & GRAVEL CO., Appellant, v. CITY OF LOS ANGELES, Respondent.

Charles H. Mattingly for Appellant.

Erwin P. Werner, City Attorney, Frederick von Schrader, Assistant City Attorney, and D. M. Kitzmiller, Deputy City Attorney, for Respondent.

NOURSE, P. J.—This is an action for declaratory relief, the complaint alleging that a controversy existed between the parties as to whether the defendant was liable to the plaintiff for the payment of interest from the entry of two several judgments against the city for costs. The defendant filed a cross-complaint alleging that by mistake it had paid interest on one of these judgments; that it had tendered to the plaintiff in full settlement of the second judgment a sum equal to the difference between the face of the judgment and the sum thus alleged to have been paid through mistake. The trial court sustained defendant's demurrer to plaintiff's amended complaint without leave to amend and awarded defendant judgment on the pleadings. The appeal is on the judgment-roll. The primary question is whether a municipality is included within the general terms of the Usury Act of 1918 (Deering's Gen. Laws, Act 3757), which fixes the rate of interest upon ''judgments rendered in any court of this state'' at seven per cent per annum. The question is not a new one and the authorities in this state have uniformly held that, in the case of a money judgment against a municipality, interest should be allowed from the date of the entry of the judgment. In this case the respondent concedes that ''the only cases holding interest is allowed on judgments against a municipality are where the judgment itself expressly provides for interest or where a municipality wrongfully and willfully detains money not belonging to it''. The cases do not support the first statement made, but it will be found in those hereafter cited that the Supreme Court did not base its ruling on the ground that the trial court had expressly declared in its judgment that interest should run from the date of its entry. In fact, if the principle upon which the respondent relies—that because the municipality is not expressly mentioned in the interest act it should not therefore be charged with interest upon judgment against

it—is sound as a principle of law, then that principle could not be changed by the order of the trial court.

It is upon the second statement of what we term the concession of the respondent that the appeal in this case must be decided. The two judgments were entered against the city on July 17, 1925, for costs incurred by the plaintiff in the trial court in the trial of two separate actions against the city. The appeals from both of these judgments were affirmed by the Supreme Court on July 24, 1929 (207 Cal. 395 [279 Pac. 136]). As both judgments were for money due the plaintiff from the municipality it is evident that from the date of their entry the ''municipality wrongfully and willfully detains money not belonging to it''.

In *Columbia Savings Bank* v. *County of Los Angeles,* 137 Cal. 467, 471 [70 Pac. 308, 310], the Supreme Court say: ''But the judgment in the case before us fixed the liability of the defendant, and from that date the money to which the plaintiff was entitled was detained from it, and natural justice, as well as the statute which provides that interest at seven per cent is payable on judgments recovered in the courts of this state, justifies the judgment relating to interest (Civ. Code, sec. 1920) ; but prior to judgment it was not the duty of the defendant to pay. That duty arose, however, when the judgment was entered, and from that time the plaintiff was entitled to interest at the statutory rate; nor is the interest suspended by appeal, writ of error, or *certiorari,* where the judgment of the court below is affirmed.'' There is no departure from this rule. (See *Spencer* v. *City of Los Angeles,* 180 Cal. 103, 115 [179 Pac. 163] ; *Engebretson* v. *City of San Diego,* 185 Cal. 475, 482 [197 Pac. 651] ; *Sheehan* v. *Board of Police Commrs.,* 188 Cal. 525, 535 [206 Pac. 70] ; *Los Angeles Dredging Co.* v. *Long Beach,* 210 Cal. 348, 362 [291 Pac. 839, 71 A. L. R. 161].)

Respondent argues that in the cases cited the principle stated was inadequately reasoned; that, if the state or its subdivisions could not be chargeable with interest before judgment because not expressly mentioned in the interest statute, there was no sound reason for holding that the state or its subdivisions should be chargeable with interest after entry of judgment. The cases cited refer to municipalities

only and if there is any reason for including such public corporations and excluding the state it has not appeared in the discussion of any of these cases. Suffice it to say for the purpose of this decision that, in so far as a municipality is concerned, the rule is settled in the cases cited and that if we should seek the "legislative intent" as expressed in the initiative Usury Act, we must bear in mind that the rule of decision was settled before that act was passed.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1933.