Filed 2/10/15; opinion following rehearing

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DUCOING MANAGEMENT INC., | |
| Petitioner, | G050457 |
| v. | (Super. Ct. No. 30-2010-00361854) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | O P I N I O N |
| Respondent, | |
| WINSTON & ASSOCIATES INSURANCE BROKERS, INC., et al., | |
| Real Parties in Interest. | |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, John C. Gastelum, Judge. Petition granted. Motion for Sanctions. Denied.

Foley Bezek Behle & Curtis, Roger N. Behle, Jr., Justin P. Karczag and Muhammed T. Hussain for Petitioner.

No appearance for Respondent.

Wood, Smith, Henning & Berman, Seymour B. Everett III, David L. Martin and Christopher C. Hossellman for Real Parties in Interest.

\*          \*          \*

THE COURT:*

## INTRODUCTION

This writ petition demonstrates the importance of the disposition in an appellate opinion in determining the form of judicial relief, particularly when the disposition reverses a judgment and remands for retrial. The disposition articulates what the trial court should do, with clear and understandable instructions, and whether and how the trial court should exercise its discretion upon remand.

Here, this court issued an opinion in an appeal from two plaintiffs, represented by the same counsel, who were both nonsuited at trial. We affirmed the judgment of nonsuit as to the first plaintiff, but reversed the judgment "in all other respects," and remanded the matter for a retrial by the second plaintiff. Essentially, we left plaintiffs' claims intact, holding they properly were pursued in their entirety by the second plaintiff, the first plaintiff being superfluous for purposes of recovery. We awarded no costs on appeal. No party filed a petition for rehearing.

Are defendants automatically entitled to recover *all* their trial costs as prevailing parties from the first plaintiff, without further review by the trial court following the appellate judgment? If yes, defendants will succeed in recovering their very substantial trial costs from the first trial even though *all* plaintiffs' original litigation objectives yet may be achieved by and through the one remaining plaintiff at the second trial.

In this writ proceeding, we apply the plain words of the disposition to preclude such an irrational outcome. Because we reversed the judgment "in all other respects," our disposition reversed not only the judgment of nonsuit as to the second plaintiff, but also that portion of the judgment which assessed unapportioned costs

* Before O'Leary, P.J., Fybel, J., and Thompson, J.

2

against both plaintiffs.  In accordance with our prior notification to the parties, we issue a peremptory writ in the first instance to effectuate the clear meaning of our disposition.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In *Ducoing Enterprises, Inc. v. Winston & Associates Insurance Brokers, Inc.* (Sept. 9, 2013, G046734) [nonpub. opn.] (hereafter Slip Opn.), we considered an appeal from a judgment of nonsuit in a trial against real parties, an insurance broker and his insurance brokerage, who were sued for negligent failure to procure insurance coverage.

Brent and Ami Ducoing, a married couple, created a corporation, Ducoing Enterprises, Inc. (DEI), to provide painting services.  At their accountant's advice and with real party's assistance, the Ducoings later created another corporation, petitioner Ducoing Management, Inc. (petitioner), ostensibly to take advantage of lower rates for workers' compensation insurance.  Both petitioner and DEI do business under the fictitious name "Perfection Painting."  A dishonest payroll manager concocted a scheme to create so-called "ghost" employees and embezzled more than $90,000, causing substantial losses.  To their consternation, the Ducoings discovered their current coverage did not include employee dishonesty coverage, even though real party recalled that employee dishonesty coverage had been included in prior policies.  (Slip Opn. at pp. 2-7.)

In April 2010, petitioner and DEI filed suit against real parties for negligence, negligent misrepresentation, and breach of fiduciary duty in failing to procure full insurance coverage with "'all the bells and whistles,'" as allegedly promised by the insurance broker.  (Slip Opn. at p. 3.)  Petitioner and DEI jointly pursued the same causes of action, and jointly sought the same damages from real parties.

The matter came to jury trial over several days in January 2012.  At the close of plaintiffs' case-in-chief, the trial court (Judge David R. Chaffee) granted real parties' motion for nonsuit against both petitioner and DEI.  The trial court reasoned that DEI sustained no loss because the payroll manager only stole money from petitioner, not

3

DEI, and because real parties owed no duty to petitioner to provide employee dishonesty coverage; such duties, if any, were owed only to DEI. (Slip Opn. at pp. 7-8.)

On March 28, 2012, the trial court entered judgment in favor of real parties and against petitioner and DEI. In the first paragraph, the trial court ordered that real parties "shall have JUDGMENT entered in their favor and against PLAINTIFFS, DUCOING MANAGEMENT, INC., and DUCOING ENTERPRISES, INC. dba PERFECTION PAINTING (hereinafter 'Plaintiffs') who shall recover nothing by reason of their Complaint against Defendants." In the second paragraph, the trial court ordered that real parties were entitled to costs in the amount of $50,089.

Both petitioner and DEI appealed from the March 28, 2012 judgment.

On September 9, 2013, we filed our unpublished decision in the *Ducoing* appeal. The decision affirmed the judgment of nonsuit as to petitioner, but reversed the judgment "[i]n all other respects," and remanded the matter for "further proceedings." (Slip Opn. at p. 11.)

Here is our disposition in the *Ducoing* appeal: "The judgment against [petitioner] is affirmed. *In all other respects*, the judgment is reversed and the matter is remanded for further proceedings. In the interest of justice, no party may recover costs incurred on appeal." (Slip Opn. at p. 11, italics added.)

In particular, we reversed the trial court on its key evidentiary finding: that the payroll manager's theft did not affect DEI. We held "[t]he evidence at trial established that *all* of the money stolen by [the payroll manager] came from DEI." (Slip Opn. at p. 9, italics added.) "This is not a matter of blurring corporate distinctions, as the trial court stated. The money embezzled by [the payroll manager] came from her employer, DEI. Although the falsified checks were drawn from [petitioner's] payroll account, the money came from DEI." (*Ibid*.)

As to petitioner, we affirmed the judgment of nonsuit, but for a different reason than that provided by the trial court. Because the payroll manager was not

4

petitioner's employee, we concluded that petitioner could have no claim under any employee dishonesty coverage, even were real parties to owe a duty of reasonable care to petitioner to procure such protection. We stated: "But one fact is dispositive: [The payroll manager] was not an employee of [petitioner] at the time her dishonest conduct occurred. She was employed by DEI. Thus even if [real parties] owed [petitioner] a duty of care, and breached that duty of care by failing to procure employee dishonesty coverage for [petitioner], no claim could have been made by [petitioner] under such coverage." (Slip Opn. at p. 10.)

As a result of our opinion in the *Ducoing* appeal, real parties remained potentially liable for *all* damages proximately caused by their negligent failure to provide employee dishonesty coverage. Real parties did not file a petition for rehearing, nor did they seek clarification of our disposition.

Following the remand, the case was reassigned to a different trial judge (Judge John C. Gastelum), who set the matter for retrial as to DEI.

Instead of filing a new cost bill to seek costs against petitioner alone, real parties began trying to execute against petitioner on the full amount ($50,089) of the original joint cost award in the March 28, 2012 judgment. They secured an order from the trial court for petitioner to appear at a judgment debtor examination, and they placed liens on its bank accounts.

Petitioner filed a motion to quash the judgment debtor examination, and for an order deeming the costs portion of the March 28, 2012 judgment to be unenforceable. According to petitioner, ". . . *all* Defendants still face the very same claims and damages that they faced in the original trial. The Court of Appeal merely confirmed that these claims and damages may not be pursued jointly by both [petitioner] and DEI, but may be pursued by DEI, alone."

5

The trial court denied petitioner's motion. The court construed our disposition affirming the judgment against petitioner to include the full cost award of $50,089. The court held it had no power to stay enforcement.

Petitioner timely filed a writ petition, with an immediate stay request, and real parties filed a preliminary opposition. After reviewing the submitted documents, we granted an immediate stay of the scheduled judgment debtor examination and any further enforcement efforts. We issued a *Palma* notice and gave real parties the option of filing a further supplemental response. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 179 (*Palma*).) Real parties filed a supplemental response, with supporting exhibits.

We issued our original per curiam opinion on September 19, 2014. On October 15, 2014, we granted real parties' petition for rehearing, and augmented the record to include some additional proceedings below.

## DISCUSSION

A. *We Exercise De Novo Review of the Dispositional Language in the Ducoing Opinion.*

The disposition constitutes the rendition of the judgment of appeal, and is the part of the opinion where we, in popular parlance, deliver the goods. "The 'judgment' on appeal must be distinguished from the appellate court's 'opinion' in general. The body of the written opinion discusses the procedural history, the facts and the applicable law. The actual *judgment* is the one-paragraph *disposition* . . . found at the end of the opinion." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶ 11:45, p. 11–16 (rev. #1, 2011), italics in original.)

The appellate court has the authority in the disposition to "affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had." (Code Civ. Proc., § 43.)

6

A disposition is not intended to be a riddle, and the directions in the dispositional language, as conveyed by the remittitur, are to be followed by the trial court on remand. (*Frankel v. Four Star International, Inc.* (1980) 104 Cal.App.3d 897, 902 (*Frankel*); see also *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701-702 [trial court may not reopen case after appellate court's unqualified affirmance].)

The appellate court need not expressly comment on every matter intended to be covered by the disposition. The disposition is construed according to the wording of its directions, as read with the appellate opinion as a whole. (*Eldridge v. Burns* (1982) 136 Cal.App.3d 907, 917-918.) "It is unnecessary and inappropriate for an appellate court to attempt to envision and to set forth in detail the entire universe of matters prohibited by its directions on remand." (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 863 (*Ayyad*).)

Whether the trial court has correctly interpreted an appellate opinion is an issue of law subject to de novo review. In interpreting the language of a judicial opinion, the appellate court looks to the wording of the dispositional language, construing these directions "in conjunction with the opinion as a whole." (*Ayyad, supra,* 210 Cal.App.4th at p. 859; see also *In re Justin S.* (2007) 150 Cal.App.4th 1426, 1435 ["To the extent that the dispositional language used in our remittitur did not expressly state [our directions] . . . , the opinion as a whole compels that interpretation"].)

B.    *The Dispositional Language in the Ducoing Opinion Reversing the Judgment "In All Other Respects" Reversed the Portion of the March 28, 2012 Judgment Awarding Costs to Real Parties.*

Real parties claim to be "enforcing their rights against Petitioner as affirmed by this Court." According to real parties, "[t]he trial court's decision permitting such enforcement is directly in line with this Court's ruling."

That is not what we held: our disposition says the very opposite. The March 28, 2012 judgment lists the judgment on liability (against both petitioner and DEI)

7

and the cost award (also against both petitioner and DEI) in separate paragraphs.  In our disposition, we affirmed the judgment as to petitioner but reversed the same judgment "[i]n *all other respects*" and remanded it for retrial.  (Slip Opn. at p. 11, italics added.)

Our reversal was unqualified ("in all other respects"), with the single exception of the judgment of nonsuit as to petitioner.  It necessarily included the cost award, which was contained in a separate and distinct portion of the judgment decreeing that petitioner take nothing from real parties.  There is nothing in our opinion to suggest that the cost portion of the second paragraph of the judgment survived our reversal "[i]n all other respects."

A disposition that reverses a judgment automatically vacates the costs award in the underlying judgment even without an express statement to this effect.  (See *Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284, disapproved on another ground in *San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 315; *Evans v. Southern Pacific Transportation Co.* (1989) 213 Cal.App.3d 1378, 1388.)  We added the extra qualifier that the judgment is reversed "[i]n all other respects" to make it clear that this rule applies even though we also were affirming in part the judgment of nonsuit as to petitioner.

In their petition for rehearing on this writ petition, real parties contend that we made a "mistake of fact" when we reversed the cost award in the *Ducoing* opinion.  For good measure, real parties challenge other alleged "mistakes of fact" in our original opinion regarding the Ducoings' corporate entities and the losses that DEI allegedly sustained.  Real parties have difficulty understanding why we did not then summarily dismiss all the claims against them, including those asserted by DEI.

A petition for rehearing is the correct remedy to address material inaccuracies or omissions in a disposition.  "It is not inconceivable that the directions of a reviewing court may be imperfect, or impractical of execution.  Under those

8

circumstances the aggrieved party has his remedy in a petition for rehearing." (*Kenney v. Kenney* (1954) 128 Cal.App.2d 128, 133.)

But real parties' chosen remedy is well past its expiration date. We issued the *Ducoing* opinion on September 9, 2013. The time for real parties to have called our attention to any alleged omissions or misstatements in our original opinion was by petition for rehearing within 15 days of the filing of the decision, not more than a year later. (Cal. Rules of Court, rule 8.268(b).) Real parties did not file any objection to our disposition reversing the judgment in "all other respects," nor did they ask us to explain or amplify whether this disposition vacated the cost award. Our disposition became final as to this court on October 9, 2013. (Cal. Rules of Court, rule 8.264(b)(1).) It is law of the case and is binding upon the parties and the trial court. (*Lucky United Properties Investment, Inc. v. Lee* (2013) 213 Cal.App.4th 635, 651.) We will not revisit the ruling here.

C.     *The Dispositional Language in the Ducoing Opinion Accords With Statutory and Case Law on Cost Awards.*

The recovery of costs is purely statutory, and a prevailing party is entitled as a matter of right to recover costs of suit in any action or proceeding. (Code Civ. Proc., § 1032, sub. (b).) Statutorily allowable costs, however, must be "reasonably necessary to the conduct of the litigation" and "reasonable in amount." (Code Civ. Proc., § 1033.5 subd. (c)(2), (3).) In apportioning costs in cases involving multiple litigants, trial courts should look to the reason the costs were incurred. (*Fennessy v. DeLeuw-Cather Corp.* (1990) 218 Cal.App.3d 1192, 1196 (*Fennessy*).)

The trial court had made a single cost award against *both* petitioner and DEI, without any apportionment, in the mistaken legal belief that neither plaintiff had been able to establish an affirmative case against real parties. Where a defendant is the prevailing party against multiple plaintiffs who sue jointly on a single liability theory, there is little need to apportion the cost award as between or among the plaintiffs. "The

9

reason is that in most cases where a defendant is entitled to costs as of right because plaintiffs took nothing in their joint action, there will be nothing to apportion. The costs are joint and several because the plaintiffs joined together (represented by the same attorney) in a single theory of liability against a defendant who prevailed." (*Acosta v. SI Corp.* (2005) 129 Cal.App.4th 1370, 1376 (*Acosta*).)

After our prior opinion and our reversal "in all other respects," this no longer can be said to be true. Unlike the defendants in *Acosta,* who obtained a total victory against all plaintiffs, real parties, at the end of the day, may obtain no victory at all as DEI's action proceeds to trial.

By reversing the judgment of nonsuit against DEI and reinstating its lawsuit against real parties, we purposefully reversed the unapportioned cost award in the March 28, 2012 judgment. As petitioner puts it, "[I]t would be patently unfair to make [petitioner] liable for all costs incurred and collectable by [real parties] as part of these expenses were incurred defending against DEI's causes of action."

Based upon the same reasoning, our prior opinion did not award costs on appeal to any party. Had we been inclined to adopt real parties' theory, we would have awarded real parties' costs on appeal as against petitioner. We did not do so. Instead, in our disposition, we determined that the parties should each bear their own costs on appeal "in the interest of justice." (Slip Opn. at p. 11.)

Following our disposition in the prior opinion, the trial court never had the opportunity to limit or reduce real parties' cost recovery to those costs reasonably attributable to litigating against petitioner alone, not those attributable to litigating jointly against petitioner and DEI. (See discussion in *Fennessy*, *supra,* 218 Cal.App.3d at p. 1196.) Barring such a discretionary review by the trial court, real parties cannot enforce the original joint cost award.

*Anderson v. Pacific Bell* (1988) 204 Cal.App.3d 277 (*Anderson*), cited by real parties and the trial court, is distinguishable. *Anderson* held that an employer was

10

entitled to an award of costs following its successful summary judgment against employees. The employer prevailed on summary judgment because the employees, who sued for retaliatory discipline, could not prove they had been disciplined. Despite this, the trial court declined to award trial costs to the employer, reasoning that the remaining employee plaintiffs might yet prove that they had been disciplined (and damaged) because of employer's same unlawful practices. On appeal, the *Anderson* court disagreed, finding the employer's "statutory right as prevailing party to recover its own costs from the dismissed plaintiffs is not dependent on any hypothetical, future right the remaining plaintiffs might have to recover their different costs." (*Id.* at pp. 286-287.)

*Anderson* involves a different situation. The *Anderson* plaintiffs each had their own individual damage claims; by prevailing on summary judgment, the *Anderson* employer lessened its overall potential liability. By contrast, petitioner and DEI together seek recovery for the *identical* claims and damages, all of which we have found to flow through DEI.

Further, in *Anderson,* the employer only sought to recover statutory costs for the depositions of the employees whose claims had been dismissed on summary judgment, not for any other costs. (*Anderson, supra,* 204 Cal.App.3d at pp. 286-287.) As a result, the cost award in *Anderson* distinguished between costs incurred as a result of the actions or tactics of the dismissed employees, as opposed to the employees who remained as plaintiffs in the litigation.

Here, in contrast, real parties seek to require petitioner to pay all trial costs from the first trial, without any apportionment and without regard to how they were incurred. Without knowing how the second trial will conclude, there is a significant danger of an award of costs to a nonprevailing party.

11

D.      *A Peremptory Writ in the First Instance Should Issue to Expeditiously Effectuate the Dispositional Language in the Ducoing Opinion.*

We reiterate the obvious:  the phrase "the judgment is reversed in all other respects" means what it says.  Had we meant otherwise, we would have expressly so stated in the disposition.  We do not "hide elephants in mouseholes."  (*Whitman v. American Trucking Associations, Inc.* (2001) 531 U.S. 457, 468.)  Real parties did not file a petition for rehearing, or seek any clarification when we issued our opinion and disposition on September 9, 2013.

Petitioner's entitlement to relief is clear and no useful purpose would be served by plenary consideration of the issue.  (See *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1237-1238 (*Brown*); *Palma, supra,* 36 Cal.3d 171.)

Petitioner lacks any plain, speedy or adequate remedy at law.  Real parties insist upon enforcing the cost award, by obtaining confidential financial information and by placing liens on its bank accounts and levying upon its property, even though the March 28, 2012 judgment is not enforceable insofar as it awards costs against petitioner.

Since an order to show cause would add nothing to the parties' presentation, we follow the accelerated *Palma* procedure.  (Code Civ. Proc., § 1088; *Frisk v. Superior Court* (2011) 200 Cal.App.4th 402, 416 (*Frisk*); *Banning Ranch Conservancy v. Superior Court* (2011) 193 Cal.App.4th 903, 919.)  This opinion follows a *Palma* notice because of an "'"unusual urgency requiring acceleration of the normal process."'"  (*Frisk, supra,* 200 Cal.App.4th at p. 416.)

We twice requested and received opposition from real parties, the second time after issuing a *Palma* notice.  Because the papers adequately address the issues raised by the petition and because of the absence of any factual dispute, we find the statutory requirements to have been met.  (Code Civ. Proc., §1088; *Brown, supra*, 47 Cal.4th at p. 1241; *Frisk, supra,* 200 Cal.App.4th at p. 416.)

12

E.      *Petitioner Is Not Entitled to Sanctions.*

Petitioner seeks sanctions against real parties for using the cost award as a "bludgeon" to "coerce" DEI into dismissing its yet-to-be-realized claims by obtaining unmerited continuances of the retrial of its damage claims against real parties. Inasmuch as we have granted rehearing, a sanctions award is not appropriate.

While we deny petitioner's sanction motion, we emphasize that real parties have no basis to seek any further continuances of DEI's action because of the pendency of this writ proceeding. Although we asked real parties to do so, real parties have not satisfactorily explained why DEI's retrial should be further delayed.

## DISPOSITION

Let a peremptory writ of mandate issue in the first instance directing respondent court to vacate its order of June 17, 2014 denying petitioner's motion to deem unenforceable the cost portion of March 28, 2012 judgment, and to further vacate its order of July 15, 2014 denying petitioner's motion to quash the judgment debtor examination, and to enter a new and different order granting petitioner's motions. This opinion shall become final as to this court 15 days after its filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).) Our temporary stay shall dissolve upon finality of the opinion as to this court. Petitioner shall recover its costs in this writ proceeding. Petitioner's motion for sanctions is denied.

13