Filed 6/15/21  Voit v. Malliet CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROBERT D. VOIT et al.,<br><br>    Plaintiffs, Cross-defendants and Respondents,<br><br>        v.<br><br>BRIAN K. MALLIET,<br><br>    Defendant, Cross-complainant and Appellant. | G058435, G058478 & G058567<br><br>(Super. Ct. No. 30-2013-00652567-CU-CO-CJC)<br><br>O P I N I O N |
| ROBERT D. VOIT,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRIAN K. MALLIET,<br><br>    Defendant and Appellant. | G058798 & G059171 |

Appeals from judgments and orders of the Superior Court of Orange County, James Di Cesare, Judge.  Affirmed.

Rutan & Tucker, Steven J. Goon and Gerard M. Mooney for Defendant, Cross-complainant and Appellant.

Grant, Genovese & Baratta, David C. Grant and Marcus G. Larson for Plaintiffs, Cross-Defendants and Respondents.

\*          \*          \*

**INTRODUCTION**

This is the second consolidated appeal arising from a dispute between appellant Brian Malliet and respondent Robert Voit.  In our first opinion, which encompassed five separate appeals by Malliet, we held that a comprehensive judgment in Voit's favor on Malliet's second amended cross-complaint had erred in only one aspect: contrary to the trial court's holding, Malliet was entitled to 20 percent of any repayment on a $5 million note Voit held from the debtor Voit Real Estate Service, LLC (the Company).  Otherwise Voit would be unjustly enriched.  The rest of the judgment was affirmed, as were the orders that were the subjects of remaining appeals, which included orders awarding Voit his attorney fees as the prevailing party.

We returned the matter to the trial court with very specific instructions.  The court was to determine the amount, if any, that had been repaid on the Company note as of October 1, 2015, and to modify the judgment only as necessary to award 20 percent of that amount to Malliet.  Because the Company had dissolved as of October 1 and was winding up, however, any repayments on the note made after the dissolution date were to be administered, not in the current lawsuit, but in accordance with the Corporations Code procedure for winding up a limited liability company.

After a series of hearings, the trial court followed our instructions to the letter.  It determined that *no* repayments on the Company note had been made before October 1.  Therefore any payments to Malliet had to be dealt with as part of the winding

2

up process. The court modified the judgment in favor of Malliet on one subpart of his declaratory relief cause of action, based on unjust enrichment, but awarded no damages because there were no pre-dissolution repayments on the note. The rest of the judgment, as we had instructed, remained in Voit's favor.

Malliet has appealed again, asserting that the trial court should have entered a judgment in his favor on a separate cause of action for unjust enrichment and that he is entitled to prejudgment interest. Moreover, in light of the modification of the judgment, *he* is now the prevailing party and therefore entitled to attorney fees.

These assertions, however, reflect a reading of our prior opinion afflicted with a serious case of tunnel vision. We did not reverse the entire judgment. Only a very small portion of the resolution of a wide-ranging set of issues was reversed. The case was therefore not "at large," to be completely relitigated. Only Malliet's share of pre-October-1 repayments of the Company note remained to be determined. The rest of the judgment – in Voit's favor – was undisturbed. Voit remained, as he had at the end of trial, "the party who recovered a greater relief in the action on the contract." (Civ. Code, § 1717, subd. (b)(1.))

Because the Company had made no pre-dissolution repayments on its note, Malliet was not entitled to any monetary damages on remand. There was therefore no basis for any calculation of prejudgment interest, even assuming that an amount of damages was "certain, or capable of being made certain by calculation" and "vested in the person upon a particular day" before trial. (Civ. Code, § 3287, subd. (a).)

We therefore affirm the modified judgment, the revised modified judgment, the attorney fee orders, and the order denying Malliet's motion for new trial or to vacate the modified judgment.

3

## FACTS

The details of the facts underlying the initial appeal may be ascertained from our previous opinion.[1]  Briefly, Voit and Malliet were in the real estate business together in the mid-2000's.  They were both members of the Company, in which Voit held a substantial majority interest.[2]

In 2011, Voit made $5 million available to the Company as a loan, memorialized in a promissory note.[3]  At the same time, Voit made $1 million available to Malliet, earmarked as his contribution to the Company note, which loan was memorialized in a separate promissory note.  The $1 million note provided, "Concurrently herewith, a note of even date with this Note from [the Company] ("VRES") in favor of [Voit], as Payee, in the amount of $5,000,000 has been executed . . . .  As advances are made under the VRES Note from [Voit] to [the Company], [Malliet] hereby agrees that 20% of any and all such advances shall be deemed advances under this Note by [Voit] to [Malliet].  It is also agreed that 20% of any repayments by VRES to [Voit] under the VRES note shall be applied as repayments under this Note."  As it turned out, the Company borrowed $4.5 million of the available funds.

The $1 million promissory note provided that Malliet had to repay any advances from Voit as of a date certain.  If he did not, then the note allowed Voit to cancel as "satisfy[ing] the Balance in full" the 10 percent increase in Malliet's share of the Company he was due to receive at the end of 2011.  Malliet defaulted, and Voit chose to take the 10 percent increase.  He thereupon canceled the $1 million note.  Malliet was fired in 2012.

---

[1]  *Malliet v. Voit* (Jan. 25, 2019, G053757, G053767, G053912, G054279 & G054385 [nonpub. opn.].

[2]  More specifically, Voit and Malliet were members of the Company as trustees of their respective trusts.

[3]  The parties to the $5 million note were the Company and the Robert D. Voit Living Trust.  For simplicity's sake, we will refer to the Trust as "Voit."

4

The lawsuit, filed by Voit in 2013, was prompted by Malliet's refusal to continue participating in a buyout process mandated by the Company's operating agreement after Malliet failed to respond to a capital call. Malliet cross-complained against Voit.[4] The second amended cross-complaint, filed in April 2014, included a cause of action for declaratory relief with 15 subparts, including subpart (m), "whether, if and to the extent that Mr. Voit, the Voit Trust, and V[oit] C[orporation] have received any repayment of principal or interest owed under the $5M [Company] Note, they have been unjustly enriched in regard to Malliet's 20% share of same." The second amended cross-complaint included 16 other causes of action, some of them derivative on behalf of the Company. The seventh cause of action was one for equitable subrogation based on breach of contract, breach of the covenant of good faith, breach of fiduciary duty, and unjust enrichment.

The Company's main asset was sold in September 2015, triggering the dissolution and winding up process required by the Company's operating agreement and by the Corporations Code. Voit then dismissed his complaint because, with the main asset sold and the Company dissolved, the buyout process no longer mattered.

A bench trial in December 2015 resulted in total victory for cross-defendants. The trial court issued a 32-page statement of decision that addressed each allegation of the cross-complaint – 15 requests for declaratory relief and 15 other counts for breach of fiduciary duty, interference with economic advantage, and breach of contract – and meticulously explained why Malliet lost on every one of them that remained for trial.[5] The court also awarded attorney fees to Voit as the prevailing party.

---

[4]     The cross-defendants were Voit individually and as trustee of his trust, the Company, Voit Corporation, and a limited partnership, Voit Real Estate Services, L.P. Malliet sued as an individual, as trustee of his trust, and derivatively on behalf of the Company.

[5]     A 16th count for judicial dissolution of the Company was moot because the Company was already dissolved. Some causes of action had been disposed of on demurrer.

5

In the previous appeal, the two main issues Malliet identified – out of all those as to which Voit had prevailed – were (1) whether the buyout process had to go forward and (2) whether he was entitled to 20 percent of whatever the Company repaid on the $5 million note. The trial court had ruled that the buyout process was dead, in part because Malliet had, through his conduct, waived any right to it. The court had also ruled that Malliet was not entitled to 20 percent of the repayments on the $5 million note.

Malliet's five appeals in the previous (consolidated) proceeding in this court were from (1) the judgment and the corrected judgment (which added attorney fees and costs), (2) two orders awarding attorney fees to Voit as the prevailing party, and (3) a postjudgment order denying his petition to compel the buyout process to continue. We affirmed everything *except* for the portion of the judgment and corrected judgment completely denying Malliet's 20 percent repayment on the $5 million note. We sent the matter back with specific instructions to award him 20 percent of whatever the Company had repaid *before* October 1, 2015, the date of dissolution. Any repayments made post-dissolution, we said, had to be dealt with as part of the winding up of the Company's affairs, which was not part of the current lawsuit. In all other respects, the trial court's judgment was affirmed, including the attorney fee awards.

Back in the trial court on remand, the litigation continued unabated. The wording of the modified judgment was the subject of three hearings, all of which involved briefing. The trial court entered a modified judgment on August 13, 2019. The modified judgment awarded attorney fees to Voit as the prevailing party and did not award Malliet any damages. It provided that Malliet's share of the repayment on the $5 million note, $1.5 million, would be dealt with as part of the Company's winding up.

Malliet moved for a new trial and to vacate the modified judgment, arguing that he was the prevailing party, entitled to attorney fees, and also that he was entitled to prejudgment interest. The court denied the motions for new trial and to vacate the judgment on October 18, 2019.

6

Malliet made two motions for attorney fees, one for the fees incurred in the appeal process and the other for all the fees from the beginning of the lawsuit, on the ground that *he* was now the prevailing party. Voit opposed Malliet's motions and filed his own motion for attorney fees incurred on appeal and on remand. The court denied Malliet's two attorney fee motions and granted Voit's motion for fees on appeal and on remand on January 24, 2020. The modified judgment already awarded Voit fees through the original judgment of December 2016, which awards had been affirmed on appeal.

In fact, no repayments had been made on the $5 million note before October 1, 2015. Therefore, any repayments had to be dealt with as part of the Company's separate winding up process. The revised modified judgment of June 17, 2020, granted declaratory relief to Malliet only with respect to his entitlement to 20 percent of pre-October 1 payments (of which there were none) and denied all other requests for declaratory relief.[6] The revised modified judgment included an award of attorney fees and costs to Voit as the prevailing party on Malliet's cross-complaint for the trial, the appeal, and post-appeal proceedings. Malliet has appealed from the revised modified judgment.[7]

## DISCUSSION

Malliet has identified three issues on appeal. First, he asserts the trial court erred when it did not vacate the attorney fee award from the first appeal, revisit the question of the prevailing party, and declare him to be the prevailing party. Second, the court should have entered judgment in his favor on a cause of action for unjust

---

[6] "Malliet is granted declaratory relief against Mr. Voit, individually and as Trustee of the Voit Trust, the Voit Trust, and [the Company] only, as to one of the fifteen requests for declaratory relief contained in his First cause of action – specifically item (m) thereof – as follows: [¶] a. No repayments by [the Company] to the Trust (or any Cross-defendant) on the 2011 Promissory Note occurred before October 1, 2015 ('Dissolution Date'): [¶] . . . [¶] All other requests for declaratory relief are denied."

[7] Malliet has also appealed from the earlier modified judgment, entered on August 13, 2019 (case No. G058435); from the order denying his motion for new trial or to vacate the modified judgment, entered on October 18, 2019 (case No. G058478); from the August 13 judgment *and* the October 18 order (case No. G058567); and from the order denying his two motions for attorney fees (case No. G058798). All the appeals have been consolidated.

7

enrichment. Finally, Malliet should have received prejudgment interest on the amount determined to be his share of the note repayments.

**I.        Prevailing Party and Attorney Fees**

The Company operating agreement included the following attorney fee provision: "<u>Attorneys' Fees</u>. In the event that any dispute between the Company and the Members or among the Members should result in litigation or arbitration, the prevailing party in such dispute shall be entitled to recover from the other party all reasonable fees, costs and expenses of enforcing any right of the prevailing party, including without limitation, reasonable attorneys' fees, and expenses, all of which shall be deemed to have accrued upon the commencement of such action and shall be paid whether or not such action is prosecuted to judgment. Any judgment or order entered in such action shall contain a specific provision providing for the recovery of attorneys' fees and costs incurred in enforcing such judgment and an award of prejudgment interest from the date of the breach at the maximum rate allowed by law. For the purposes of this Section: (I). attorneys' fees shall include, without limitation, fees incurred in the following: (1) post judgment motions; (2) contempt proceedings; (8) garnishment, levy, and debtor and third party examinations; (4) discovery; and (5) bankruptcy litigation and (II) prevailing party shall mean the party who, in light of all causes of action asserted, defenses raised and relief sought, is afforded the greater relief or otherwise prevails by dismissal, default or otherwise."

Malliet's argument on this issue is binary. First, because he carried his point about his entitlement to 20 percent of the repayment on the Company note on unjust enrichment grounds, he is now the big winner. Second, the trial court erred in refusing to revisit the prevailing party issue, holding instead that it had been decided upon appellate review and was not open to further discussion.

There is no question that a complete reversal of a judgment nullifies any accompanying award of attorney fees. (See *Beard v. Goodrich* (2003) 110 Cal.App.4th

1031, 1036; *Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284.) The same is true of a disposition that affirms only one part of a judgment and reverses the rest "in all other respects." (*Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 314-315; see also *Ulkarim v. Westfield LLC* (2014) 227 Cal.App.4th 1266, 1282-1285 [reversal of order granting anti-SLAPP motion requires reversal of prevailing defendant attorney fee award].)

It is also true that a partial reversal may compromise or call into question the trial court's prevailing-party determination. Malliet has cited several cases in which this has occurred. (*Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1027 [demurrer improperly sustained as to non-preempted cause of action; attorney fee award also reversed; existence of attorney fee provision questioned]; *Gilman v. Dalby* (2009) 176 Cal.App.4th 606, 620 [reversal of defense summary judgment on sole contested cause of action means defendants no longer prevailing parties]; *Ventas Finance I, LLC v. Franchise Tax Bd.* (2008) 165 Cal.App.4th 1207, 1233-1234 [in light of partial reversal, reviewing court "cannot say with certainty" that private attorney general fee award would have been made]; *Zagami, Inc. v. James A. Crone, Inc.* (2008) 160 Cal.App.4th 1083, 1079 [reversal limited to damages award requires reconsideration of prevailing party issue at conclusion of retrial].)

What the cases Malliet cites have in common are explicit directions to the trial courts either to reconsider attorney fee awards or to reverse them. "[W]here . . . there is a limited reversal, we remand for the trial court to consider anew the propriety of attorney fees *unless* we can say with certainty the court would have exercised its discretion the same way had the successful party not prevailed on the issue on which we reverse. [Citations.] Here, the substantive issue on which we reverse affects only a minor part of the proposed development impact fees." (*Boatworks, LLC v. City of Alameda* (2019) 35 Cal.App.5th 290, 308.)

9

In this case, we can say "with certainty" the trial court would have exercised its discretion to award Voit his fees in light of the overwhelming nature of his success, even if Voit had lost on the declaratory relief/unjust enrichment subpart of the cross-complaint. We can go even further and state it would have probably been an abuse of discretion *not* to award Voit his fees, in light of the wording of the attorney fee provision in the Company operating agreement, his extensive victory at trial, and the minor adjustment made to the original judgment after appeal. There was no reason to ask the trial court to "consider anew the propriety of attorney fees."

As to Malliet's second argument, although our prior opinion affirmed the trial court's rulings on attorney fees, we did so because Malliet had abandoned the issue by failing properly to provide argument and authority as required by the California Rules of Court. Because the issue was abandoned, we did not review the merits of the attorney fee awards or of the trial court's determination of the prevailing party. So technically the trial court should have exercised its discretion and ruled on the prevailing party issue, rather than simply to say it had already been decided on appeal.

But in addition to error, an appellant must also show prejudice, that is, a reasonable probability of a better outcome. (*Malibu Mts. Rec. v. County of L.A.* (1998) 67 Cal.App.4th 359, 372.) As stated above, if the trial court had revisited the prevailing party issue, the outcome would not have been in doubt. As the operating agreement provides, Voit is unquestionably "the party who, in light of all causes of action asserted, defenses raised and relief sought, is afforded the greater relief[.]" And to the extent the action was "on [a] contract," Voit "recovered a greater relief." (Civ. Code, § 1717, subd. (b)(1).) Voit won hands down at trial; he preserved all but one portion of his winnings on appeal. The reversal resulted in a minor adjustment to the original judgment on equitable

grounds and no money award for Malliet. One must squint very hard at this record to see Malliet as the party who was "afforded the greater relief." We see no reason to do so.[8]

## II. Unjust Enrichment

Malliet argues that in addition to entering judgment granting declaratory relief on unjust enrichment grounds in his favor (per subpart (m) of the first cause of action), the revised modified judgment should have included a separate judgment in his favor for unjust enrichment. There are several problems with this argument.

First, there is no stand-alone cause of action for unjust enrichment in the second amended cross-complaint. The only other cause of action even to mention unjust enrichment is the seventh cause of action, for equitable subrogation.

Second, the trial court entered judgment in Voit's favor on the equitable subrogation cause of action, and we explicitly affirmed that portion of the judgment in the first appeal. This is now the law of the case.[9]

Finally, and perhaps most importantly, most California courts hold that there is no cause of action for unjust enrichment. "'Unjust enrichment is not a cause of action, . . . or even a remedy, but rather ""a general principle, underlying various legal doctrines and remedies"' . . . [Citation.] . . . [Citation.]" [Citation.]' [Citation.]" (*Bank of New York Mellon v. Citibank, N.A.* (2017) 8 Cal.App.5th 935, 955; see *also De Havilland v. FX Networks, LLC* (2018) 21 Cal.App.5th 845, 870; *Daniel v. Wayans* (2017) 8

---

[8] Having received no monetary award in the lawsuit, Malliet does not qualify for an automatic award of costs under the definitions of "prevailing party" in Code of Civil Procedure section 1032, subdivision (a)(4), with respect to Voit individually and as trustee of his trust and with respect to the Company. "If any party recovers other than monetary relief . . . the 'prevailing party' shall be determined by the court. . . ." (Code Civ. Proc., § 1032, subd. (a)(4).)

[9] "Upon a later appeal the appellate court will not inquire into the correctness of the principles of law laid down upon the former appeal, but will only consider the record to determine if said principles have been followed. Where a decision upon appeal has been rendered by a District Court of Appeal and the case is returned upon a reversal, and a second appeal comes to this court directly or intermediately, for reasons of policy and convenience, this court generally will not inquire into the merits of said first decision, but will regard it as the law of the case." (*United Dredging Co. v. Industrial Acc. Com.* (1930) 208 Cal. 705, 712.)

11

Cal.App.5th 367, 399; *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 231.)

Malliet quotes from our prior opinion to argue that *we* authorized a separate judgment on unjust enrichment. We did no such thing; we could not possibly introduce an entirely new cause of action into a complaint after a trial and order the trial court to enter judgment on it. What we said was "Malliet . . . asserted *a cause of action for declaratory relief* regarding his entitlement to 20 percent of whatever the Company repaid Voit on the $5 million note, and he asked for *relief based on unjust enrichment*." (Italics added.) There is no "authorization" in those words.

On remand, the trial court did exactly as instructed; it entered judgment in Malliet's favor on the portion (subpart (m)) of the declaratory relief cause of action based on unjust enrichment. Since we had upheld the 2016 judgment on the seventh cause of action for equitable subrogation, the trial court could not have entered judgment in Malliet's favor on that ground.[10]

### III.        Prejudgment Interest

Civil Code section 3287 governs a party's entitlement to prejudgment interest in an action on a contract. Civil Code section 3287, subdivision (a), provides, in pertinent part: "A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt." Subdivision (b) provides: "Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may

_____

[10]        Malliet alleged that he was entitled to equitable subrogation on several grounds: breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and unjust enrichment. The court in the first trial entered judgment for Voit on this claim because Malliet did not meet the requirements of equitable subrogation. We agreed.

12

also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed."

Civil Code section 3281 defines damages as compensation in money for detriment suffered from the unlawful act or omission of another. The prerequisite for an award of prejudgment interest in an action on a contract is an entitlement to recover damages, whether certain, capable of being made certain, or pursuant to an unliquidated claim. Malliet cannot meet this prerequisite.

Any monetary award under this subpart is limited to amounts repaid before dissolution. We ordered the trial court to incorporate *only* Malliet's share of any pre-October 2015 repayments into the modified judgment. Subsequent proceedings established there were no such amounts. Thus Malliet recovered no monetary compensation in any action on a contract as a result of the trial.[11] Our reversal of the declaratory relief cause of action did not lead to a recovery of damages because Voit was not unjustly enriched before October 1, 2015, the cutoff date for a declaratory relief cause of action in the superior court. Malliet has no damages in this action and therefore nothing upon which to base an award of prejudgment interest.

Malliet's final entitlement to payments from the Company note had to be determined not in this lawsuit but rather in the Company's winding up process. We are not involved in that process at this point. Nor is the trial court.

---

[11]   The judgment included a provision specifying the repayments on the Company note after October 1, 2015, and specifying 20 percent of that amount, which would be Malliet's share as part of the winding up. This level of detail was unnecessary. Malliet needed a judgment from the trial court entitling him to 20 percent of postdissolution note payments that he could take to the winding-up process, but he did not need a judgment for the specific amount. The inclusion of the amount in the judgment did not turn it into damages.

13

## DISPOSITION

The judgments of August 13, 2019, and June 17, 2020, are affirmed. The order denying appellant Malliet's motions for attorney fees are affirmed. The order denying Malliet's motions for new trial and to vacate the judgment of August 13, 2019, is affirmed. Respondents are to recover their costs on appeal.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

14