Filed 4/1/22  Medical Benefits Admin. v. Nivano Physicians CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| MEDICAL BENEFITS ADMINISTRATION, INC. et al., | C093214 |
| Plaintiffs and Appellants, | (Super. Ct. No. CU17-082413) |
| v. | |
| NIVANO PHYSICIANS, INC., | |
| Defendant and Appellant. | |

Defendant Nivano Physicians and plaintiffs Medical Benefits Administration, Inc. (MBA) and Keely L. Smith are before this court a second time.  In a previous opinion, we concluded that a software licensing agreement and settlement agreement purporting to enforce that agreement were illegal and unenforceable.  (*Medical Benefits Administration, Inc. v. Nivano Physicians, Inc.* (Dec. 23, 2021, C091841) [nonpub. opn.]

1

(Slip Opn.).)[1]  In this appeal, defendant Nivano Physicians contends the trial court's order awarding plaintiffs attorney fees and costs must be vacated.  We agree.

## FACTS AND PROCEEDINGS

The underlying facts and procedural history of the litigation at issue here was set forth in our prior opinion on this matter.  As relevant here, at the close of the evidence at trial, the trial court granted plaintiffs' motion under Code of Civil Procedure section 664.6 for an award of $140,183, and subsequently the jury returned a verdict awarding $250,000 in damages to MBA, and $1 in damages to Smith.  (Slip Opn., *supra*.)

On May 1, 2020, plaintiffs filed a motion for attorney fees, arguing that both MBA and Smith were prevailing parties for purposes of an attorney fee award and that the proposed fees were reasonable.  Defendant's opposition to the motion argued that plaintiffs' proposed fees were unnecessary and unreasonable, and Smith was not a prevailing party entitled to an attorney fee award.

Following a hearing, the trial court granted plaintiffs' motion for attorney fees in full, awarding $365,065.  The court concluded MBA and Smith "were and are the prevailing parties in connection with the contract claims at issue" in the case.  The court further explained that, even if Smith were not a prevailing party, it "would find that plaintiff MBA and Smith's 'various claims were inextricably intertwined, making it impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units.' "

---

[1] We grant defendant's motion for judicial notice as to our previous opinion.  (Evid. Code, §§ 452, subd. (d) [court may take judicial notice of records of any court of this state], 459 [reviewing court may take judicial notice of any matter specified in Evid. Code, § 452].)

2

On December 23, 2021, we reversed the judgment. We concluded that the agreements underlying the parties' dispute, on which the court's and jury's awards were based, were illegal and unenforceable. (Slip Opn., *supra*.)

Defendant timely appealed. The case was fully briefed on January 12, 2022, and assigned to this panel on January 31, 2022. We sent an oral argument waiver notice to the parties on February 23, 2022; the parties waived oral argument.

## DISCUSSION

### I

### *Prevailing Party*

The parties filed their opening briefs before we issued our previous opinion reversing the trial court's judgment. However, defendant argued in its opening brief that, in the event we reversed the judgment on appeal, such a reversal would "necessarily compel[ ] the reversal of the award of fees" and costs to plaintiffs. (*Gillan v. City of San Marino* (2007) 147 Cal.App.4th 1033, 1053 [reversal of the judgment necessarily compels the reversal of the award of fees as costs to the prevailing party based on the judgment]; *Ducoing Management, Inc. v. Super. Ct.* (2015) 234 Cal.App.4th 306, 314 ["A disposition that reverses a judgment automatically vacates the costs award in the underlying judgment even without an express statement to this effect"].

Respondents answered that they were entitled to reasonable fees as the prevailing party; they did not address the effect of a prospective reversal (that indeed occurred one day after respondents' brief was filed) and did not later request supplemental briefing. Defendant's reply brief argued that our reversal, which by that brief's filing had occurred, necessarily vacated the fee award.

We agree with defendant. An order awarding attorney fees falls within the reversal of the judgment on which it is based (*California Grocers Assn. v. Bank of America* (1994) 22 Cal.App.4th 205, 220), and an appellate court's reversal of a trial court's judgment on the merits automatically extinguishes a postjudgment attorney fees

3

award even in the absence of an appeal. (*Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 613, fn. 4 ["even when there is no appeal of a postjudgment order awarding attorney fees to the prevailing party, and the award has become final, the appellate court's *reversal* of the judgment on the merits extinguishes the order on fees"]; *Klajic v. Castaic Lake Water Agency* (2004) 121 Cal.App.4th 5, 16 [reversal of judgment with directions to vacate writ of mandate means respondents were unsuccessful, and reversal of attorney fee award is "automatic"].)

## DISPOSITION

The trial court's order awarding costs and attorney fees to plaintiffs is reversed. Each party is to bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


          /s/
        Duarte, J.



We concur:



    /s/
Hull, Acting P. J.



    /s/
Earl, J.