Filed 8/28/23  Maldonado v. Aluminum Precision Products CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHN MALDONADO, JR., et al., | |
| Plaintiffs and Appellants, | G061415 |
| v. | (Super. Ct. No. 30-2020-01164707) |
| ALUMINUM PRECISION PRODUCTS, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Peter J. Wilson, Judge.  Affirmed.

Law Offices of Sima Farde and Sima Farde for Plaintiffs and Appellants.

Sheppard, Mullin, Richter & Hampton, Ronda D. Jamgotchian, Paul Berkowitz and Kristi L. Thomas for Defendant and Respondent.

# INTRODUCTION

Appellants John Maldonado, Gregory Maratas, Bernardo Sandoval, and Hoang Thi Nguyen (Appellants) sued their former employer Aluminum Precision Products, Inc. (APP), under the Private Attorney General Act (PAGA). When APP moved to strike certain passages from their second amended complaint, Appellants filed a motion for sanctions under Code of Civil Procedure section 128.7.[1] After the court ruled in APP's favor on its motion to strike, Appellants withdrew their sanction motion. But by that time, APP had filed an opposition.

Appellants petitioned this court for a writ regarding the trial court's order on the motion to strike. We issued an alternative writ, largely leaving the trial court's order intact but requiring a minor alteration. APP and Appellants stipulated to the issuance of the writ, and the trial court complied with our direction to make the alteration in its order granting APP's motion.

Before we issued the writ, APP filed its own motion for its attorney fees as sanctions for what it characterized as Appellants' frivolous section 128.7 motion, which they withdrew after the unfavorable ruling on the motion to strike. The court granted the motion and awarded APP $5,676. Appellants have appealed from this order.

We affirm. APP was the prevailing party on its motion for violating section 128.7, and we cannot find that the court abused its discretion in the amount it awarded. Appellants' main argument, however, is that issuing the alternative writ "reversed" the trial court's order granting APP's motion to strike portions of the second amended complaint. Consequently, the ruling on APP's fee motion must be reversed, or at least remanded.

This is incorrect. The trial court granted APP's attorney fee motion on grounds having nothing to do with the alternative writ. The court found that Appellants'

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

sanctions motion was filed for an improper purpose and was unfounded, unreasonable, and frivolous. Regardless of the outcome of the alternative writ, these are correct bases for an award of sanctions under section 128.7.

## FACTS

Appellant Maldonado sued APP under PAGA for three employment-related claims. The other Appellants joined him as plaintiffs in the first amended complaint, which added three new Labor Code claims, including a claim for retaliation for complaining of occupational hazards under Labor Code section 6310.

APP moved to strike portions of the first amended complaint on the ground, among others, that Appellants had failed to exhaust their remedies as to the Labor Code claims. The trial court granted the motion to strike on that basis, with leave to amend.

The second amended complaint purported to cure this problem. Appellants alleged they had sent an additional notice to the Labor Workforce Development Agency regarding Cal/OSHA's investigation of their claims and its "no violation after inspection" finding. APP responded with its second motion to strike, on the ground that Appellants had to sue *Cal/OSHA* to challenge the investigation findings in order to exhaust their remedies. The hearing on the second motion to strike was set for January 13, 2022.

Appellants then served a motion for sanctions on APP, pursuant to section 128.7, for filing a frivolous motion to strike. The statute requires the moving party to serve the motion 21 days *before* filing it in the trial court. Having served the motion on December 9, Appellants had to wait until December 30, 2021, to file their sanctions motion, and the earliest date on which it could be heard, assuming personal service, was January 25, 2022. (See § 1005, subd. (b).)

This date, however, was after the hearing date set for APP's motion to strike. Appellants filed their sanctions motion on January 5 and set the hearing date for January 13, the same date as the hearing on the motion to strike. This gave APP only six

days' notice and did not comply with section 1005. Nevertheless, Appellants' counsel refused to withdraw the motion and refile it with a compliant hearing date.

APP filed an opposition to the sanctions motion on January 6, 2022, protesting the untimeliness, explaining why its motion to strike was well founded, and requesting the trial court to sanction Appellants for filing an untimely and a frivolous sanctions motion, forcing it to expend attorney fees to oppose it. The trial court continued the hearing on Appellants' sanctions motion to February 17, noting that the hearing date was untimely.

APP based its motion to strike portions of the second amended complaint on its contention that Appellants had failed to exhaust their administrative remedies against Cal/OSHA. It asked the court to strike 10 passages from the second amended complaint, all of which dealt with violations of the Labor Code. Appellants argued that they did not have to exhaust their remedies by suing Cal/OSHA; such a suit was optional.

The trial court granted APP's motion to strike the 10 passages without leave to amend on January 13, 2022. Appellants withdrew the sanctions motion on the same day. A formal written order on the motion to strike was entered on January 18.

Appellants then petitioned this court for a writ of mandate, on April 5, 2022, on the ground the Labor Code gave employees the *option* of suing Cal/OSHA when it refuses to issue a citation for Cal/OSHA violations, but did not *require* such a suit. Appellants also argued, *for the first time*, that a cause of action for retaliation under Labor Code section 6310 does not require exhaustion of Cal/OSHA remedies. Therefore two allegations regarding retaliation should not have been stricken for failure to exhaust remedies.

APP agreed the retaliation claim was exempted from a Cal/OSHA exhaustion requirement and that the petition should be granted only with respect to those two allegations. This court issued an alternative writ on June 30, 2022, instructing the trial court to enter a new order striking eight allegations of the original order and leaving

4

the two remaining allegations about retaliation in the second amended complaint. Because the parties stipulated to the writ, there was no hearing. The trial court entered the revised order as instructed on July 8, 2022.

APP filed its motion for section 128.7 sanctions on February 18, 2022. On March 24, 2022, shortly before Appellants filed their writ petition, the trial court granted APP's motion for attorney fees under section 128.7, awarding $5,676 for the amounts expended in opposing Appellants' sanctions motion and in filing a motion for fees. At the same hearing, the court awarded Appellants $8,154 in discovery sanctions. The attorney fee order was entered on March 28, and Appellants' notice of appeal identifies this order as the one from which they appeal.

## DISCUSSION

In this appeal, we are called upon to determine three issues. First, did the trial court properly determine APP was the prevailing party for purpose of attorney-fee sanctions under section 128.7? Second, did the alternative writ issued by this court constitute a reversal of the trial court's ruling on APP's motion to strike certain allegations of the second amended complaint, such that it required a reversal of the attorney-fee sanctions order? Finally, was the amount awarded excessive?

**I.          Prevailing Party**

Section 128.7, subdivision (b), requires an attorney to certify, among other things, that a written notice of motion is not being presented for an improper purpose and that its legal contentions are warranted by existing law. Subdivision (c) permits the court to impose an appropriate sanction on an attorney who violates subdivision (b).

Section 128.7, subdivision (h), provides, "A motion for sanctions brought by a party or a party's attorney primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, shall itself be subject to a motion for sanctions. It is the intent of the Legislature that courts shall vigorously use its sanctions authority to deter that improper conduct or comparable

5

conduct by others similarly situated." The statute allows the court to award "the party prevailing on the motion" reasonable expenses and attorney fees incurred in presenting or opposing the motion. (§ 128.7, subd. (c)(1).) We review the trial court's decision to award sanctions for violating section 128.7 for abuse of discretion. (*Kojababian v. Genuine Home Loans, Inc*. (2009) 174 Cal.App.4th 408, 422 (*Kojababian*).)

Appellants argue there was no prevailing party to award fees because they withdrew their sanctions motion before it could be heard. That position confuses which motion is at issue here. APP filed its own motion for sanctions, based on the fact it had to oppose Appellants' prior frivolous and unfounded motion. Section 127.8 specifically authorizes a motion for sanctions against a sanctions motion brought for an improper purpose. (§ 128.7, subd. (h).) This motion – a sanctions motion against a sanctions motion – was heard, and APP prevailed on it. The court determined Appellants' prior motion was brought for an improper purpose. It awarded fees on that basis. We cannot find the trial court abused its discretion in so doing.

## II.          Alternative Writ

An alternative writ "commands the respondent either 'to do the act required to be performed or to show cause before the court . . . why he [or she] has not done so . . . . [T]he respondent or real party in interest may then file a return explaining why the petitioner is not entitled to the requested relief ([citation,] § 1089), the petitioner may then submit an answer ([citation,] § 1089.5), and an evidentiary hearing may be held to resolve contested issues of fact ([citation,] § 1090). If, after these proceedings on the alternative writ, the court concludes that the petitioner is entitled to the relief requested, the court then grants the relief by issuing a peremptory writ of mandate. ([Citation,] § 1095.)" (*People v. Romero* (1994) 8 Cal.4th 728, 742-743.)

In this case, Appellants did not argue in the trial court that Labor Code retaliation claims were not subject to Cal/OSHA exhaustion requirements. The trial court therefore could not have considered this issue and decided it incorrectly. If it had, and

6

Appellants had petitioned for relief, we would have reversed the trial court on this point. But Appellants did not raise this issue until the writ proceedings.[2] APP filed its return, explaining why Appellants were not entitled to relief on their main point (suing Cal/OSHA is an option, not a requirement), but were entitled to relief on the one point that Cal/OSHA exhaustion did not apply to retaliation.[3] We agreed with APP on both issues. That is, Appellants had to sue Cal/OSHA, and exhaustion did not apply to retaliation. So we did not issue a peremptory writ, but rather an alternative writ directing the trial court to enter an order reflecting APP's position before us, as it did. The court struck the same passages of the second amended complaint except for the two dealing with retaliation.

Even if this turn of events could be somehow deemed a reversal, it would not affect the motion for attorney fees before us now. The reason the court granted APP's motion was that Appellants had made a sanctions motion for an improper purpose. The reason the purpose was improper was that Appellants based their sanctions motion on their claim that Appellants' motion to strike the second amended complaint was just a rehash of their motion to strike the first amended complaint, which the court had already denied. The trial court explained, "Given the arguments made in the [second] Motion to Strike, that motion clearly had a reasonable basis in law and in fact and was not brought for an improper purpose. As explained more fully in the Court's ruling on [APP's] [second] Motion to Strike, [Appellants] mischaracterized or ignored the different allegations made in the F[irst] A[mended] C[omplaint] and S[econd] A[mended]

---

[2] Appellants' counsel appears to be arguing that because she was not well versed in PAGA law, she did not know, and should not have known, that retaliation claims were not subject to Cal/OSHA exhaustion. We suppose we are to infer from this argument that lack of knowledge excuses appellants' counsel's failure to raise and argue the point when opposing APP's motion to strike the second amended complaint in the trial court – why it was not raised until another lawyer, "an appellate specialist," enlightened her during the writ proceedings. This inference runs directly counter to Rules of Professional Conduct, rule 1.1(c). (*See Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1116-1117.)

[3] Labor Code section 2699.5 exempts retaliation claims (Lab. Code, § 6310) from the exhaustion procedure required by Labor Code section 2699.3, subdivision (b). Appellants' argument on this issue occupied one paragraph of its writ petition.

7

C[omplaint], the different factual basis for each motion to strike, the Court's statements at the hearing on the [first] Motion to Strike recognizing [APP's] right to file a motion to strike the S[econd] A[mended] C[omplaint], and the lack of ambiguity regarding 'may' in CCP [*sic*: Labor Code] § 2699.3(b)(2)(A)(ii). . . .[4] The sanctions motion was wholly without merit and no reasonable attorney could believe the requirements for sanctions under CCP § 128.7 could be met."

Whether Labor Code retaliation claims were subject to Cal/OSHA exhaustion requirements thus played no part in the court's reasoning when it granted APP's motion for sanctions. Instead the grounds for granting the motion were Appellants' improper and frivolous arguments in their sanctions motion based on mischaracterizing the two complaints, ignoring both the differences between them and the court's explicit statement at the hearing on the first motion to strike regarding APP's entitlement to file another motion, and the court's prior ruling that the word "may" in Labor Code section 2699.3, subdivision (b)(2)(A)(ii), did not have the meaning Appellants tried to read into it. Nothing in this court's resolution of the writ proceeding touched on any of these issues.[5]

It is true that the reversal of a judgment also reverses any attorney fee award based on the judgment. (See *Beard v. Goodrich* (2003) 110 Cal.App.4th 1031, 1036; *Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284.) The same is true of a disposition that affirms only one part of a judgment and reverses the rest "in all other respects." (*Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 314-315; see also *Ulkarim v. Westfield LLC* (2014) 227 Cal.App.4th 1266, 1282-1285

---

[4]    Labor Code section 2699.3, subdivision (b)(2)(A)(ii), provides in pertinent part: "If by the end of the period for inspection or investigation provided for in Section 6317, the division [i.e., Cal/OSHA] fails to issue a citation and the aggrieved employee disputes that decision, the employee *may* challenge that decision in the superior court." (Italics added.)

[5]    To the extent that an overlap existed between writ and motion regarding the interpretation of "may" in the Labor Code section, this court agreed with APP.

8

[reversal of order granting anti-SLAPP motion requires reversal of prevailing defendant attorney fee award].)

That, however, is not what happened here. APP's motion for attorney fees under section 128.7 was not an adjunct of the trial court's order regarding the motion to strike the second amended complaint. It was an entirely separate proceeding, based on Appellants' filing of an improper and frivolous sanctions motion, which caused APP to incur unnecessary attorney fees. The ruling on APP's motion to strike and the ruling on its motion for attorney fees were unrelated to each other.

### III.        Amount of Sanctions

Appellants argue the trial court abused its discretion in the amount of the award of attorney fees, $5,676. APP moved for $8,000 in fees comprised of about $3,000 for the opposition it filed against Appellants' sanctions motion and about $5,000 for preparing the fee motion itself. The court reduced the award to $5,676 to account for the overlap between the opposition and the fee motion. We review the amount awarded as sanctions under section 128.7 for abuse of discretion. (*Kojababian, supra,* 174 Cal.App.4th at p. 422.)

In arguing this issue before us, Appellants resort to the same tactics that caused the trial court to issue sanctions against them for violating section 128.7. That is, they ignore and misrepresent the basis of the trial court's ruling.

First, contrary to Appellants' assertion, the court did not award sanctions solely for filing what they call a "five-page objection/opposition" to their sanctions motion. The award encompassed the fees both for the opposition and for APP's own fee motion. Second, the basis of APP's opposition was not only the untimeliness of the hearing date, as Appellants contend, but also the merits of the sanctions motion.

Finally, Appellants argue that APP did not need to file an "opposition"; it could have filed a less costly "objection." We are not familiar with the portion of the Code of Civil Procedure authorizing the filing of an "objection" to a motion in lieu of an

9

opposition when the merits are at issue, and Appellants do not direct us to any such authority.  The trial court found that APP reasonably and prudently filed an opposition both objecting to the short notice and opposing on the merits "without waiting to see whether the Court would act," since Appellants' counsel refused to continue the January 13 hearing date voluntarily.[6]  The record does not support any intention on the trial court's part other than to reimburse APP for the fees expended to counter a frivolous and improper sanctions motion.   The Legislature specifically authorized this purpose for section 128.7.

## DISPOSITION

The order awarding attorney fees for Appellants' violation of section 128.7 is affirmed.  Respondent is to recover its costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

DELANEY, J.

---

[6]  Appellants accuse the trial court of awarding sanctions in order to "punish" them for immediately withdrawing their sanctions motion after the court ruled in APP's favor on its motion to strike the second amended complaint.  They then quote from an opinion from this court, *Hart v. Avetoom* (2002) 95 Cal.App.4th 410, to the effect that the purpose of section 128.7 is to deter frivolous filings, not to punish parties.  (*Id.* at p. 414.)

Nothing in the record suggests that any "punishment" was involved.  The court's reasoning was straightforward.  Appellants' section 128.7 motion was improper.  The statute authorizes sanctions for improper sanctions motions.  APP incurred fees for opposing the motion and for its own fee motion.  The court determined the reasonable amount for these fees and awarded that amount.